UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY TROYER, et al.,

      Plaintiffs,

CASE NO. 1:09-CV-821

v.

HON. ROBERT J. JONKER

T. JOHN E. PRODUCTIONS, INC., a
Michigan corporation, et al.

      Defendants.
_____/

## **OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Amended Motion for Judgment Notwithstanding the Verdict, or Alternatively, Motion for New Trial (docket # 186) under Fed. R. Civ. P. 50 and 59(a). In their Motion, Plaintiffs argue that the jury's verdict in favor of Defendants T. John E. Productions, Inc., Think Fast Corp., X-Treme Entertainment, Inc., Timothy John, and Linda John ("Defendants") (docket # 175)[1] was unsupportable by the evidence presented at trial, or at a minimum, was against the great weight of evidence submitted to the jury for consideration. (docket # 178, at 7.) Defendants disagree. (docket # 187). The motion is ripe for decision. For the reasons set forth below, Plaintiffs' Motion (docket # 186) is **DENIED**.

---

[1] The Court granted Defendants' motion for judgment as a matter of law as to Plaintiffs' claims against Defendants Jaisen John and Marin John at the conclusion of Plaintiffs' case-in-chief. (docket # 178.) Plaintiffs' Motion does not challenge the Court's Order as to these two Defendants.

I.  **Plaintiffs' Motion for Judgment Notwithstanding the Verdict ("JNOV") under Fed. R. Civ. P. 50**

A party may move for judgment as a matter of law any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). A party that makes and loses a timely Rule 50(a) motion has the power to renew the motion under Rule 50(b) after an adverse jury verdict. A party that fails to move under Rule 50(a) before an issue is submitted to the jury cannot bring a motion under Rule 50(b). *See* Fed. R. Civ. P. 50(a)(2) (discussing issue in 1991 Amendment Notes and stating that "[a] post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion"); *see also Karam v. Sagemark Consulting, Inc.*, 383 F.3d 421, 426 (6th Cir. 2004). This mandatory requirement serves the purpose of "appris[ing] the trial court of the moving party's position to see if any defects can be corrected before the jury retires." 9B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2533 (3d ed. 2008). By failing to timely bring a Rule 50(a) motion, Plaintiffs lost the opportunity to bring a JNOV motion under Rule 50(b). Plaintiffs' JNOV motion under Rule 50(a) is therefore denied on this procedural ground alone.

Even if the motion were procedurally proper—and it is not—the motion would fail on the merits. Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party." Fed. R. Civ. P. 50(a)(1). When determining whether the evidentiary basis supports the verdict, the Court "is not [to] weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for the jury." *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir. 2003). Rather, the Court "must view the evidence in a light most favorable to . . . [the nonmoving party], and give that party the benefit of all reasonable inferences." *Id.* The motion should only be granted when "a complete absence of

proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ." *Karam*, 383 F.3d at 427 (citation omitted). Plaintiffs have not met and cannot meet this exacting standard. As detailed in the next section of the Opinion, the record includes ample evidence to support the jury verdict against Plaintiffs in this case.

Accordingly, for both the procedural and substantative reasons, Plaintiffs' Rule 50 motion is **DENIED**.

## II. Plaintiffs' Motion for a New Trial under Fed. R. Civ. P. 59(a)

Plaintiffs move in the alternative for a new trial. Rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). "A new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citations omitted). The motion should be denied if the jury's verdict was reasonable given the evidence of record, even if other inferences, conclusions, or results would have been more reasonable. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001); *Rouse v. Mich. Dep't of State Police*, No. 1:08-cv-982, 2011 WL 3924495, at *2 (W.D. Mich. Sept. 7, 2011). Plaintiffs have not established and cannot establish a basis for a new trial.

### A. Plaintiffs' Objection to the Sufficiency of the Evidence

Plaintiffs first argue that the evidence does not support a defense verdict under the Sixth Circuit's six-factor FLSA test used for determining whether an individual is an employee or

3

independent contractor. *See LeMaster v. Alternative Healthcare Solutions, Inc.*, 726 F.Supp.2d 854, 860 (6th Cir. 2010). This argument is without merit. The jury heard both parties' evidence on the issue of whether Plaintiffs were employees or independent contractors. This included testimony from Plaintiffs and Defendants. It also included a multitude of exhibits. Plaintiffs testified that their working relationship with Defendants was relatively permanent, they worked hundreds of hours of uncompensated overtime over several months, and that Defendants exercised strict control over their schedule and day-to-day activities while out on the road. Defendants countered that Plaintiffs worked on a job-by-job, independent contractor basis, that the Plaintiffs had a great amount of autonomy regarding how they completed their work, and that Plaintiffs failed to properly carry their burden regarding the overtime they allegedly worked due to a complete lack of records or any other credible evidence, outside of Plaintiffs' testimony. Each side had exhibits to support their view of the case. The parties certainly presented competing evidence and theories to the jury, but this is the essence of the trial process. In this case, the jury sided with Defendants based on evidence that reasonably supports the verdict. Plaintiffs' motion for a new trial on this basis is therefore denied.

### B. Plaintiffs' Objection to the Court's Jury Instructions

Plaintiffs next argue that a new trial is required because the Court provided erroneous instructions to the jury. The Sixth Circuit has held that when a party files a motion for a new trial based on allegedly erroneous jury instructions, the instructions are not to be dissected line-by-line, but rather should be reviewed "as a whole in order to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury to reach its decision." *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72 (6th Cir. 1990). A new trial is necessary if "the instructions, when viewed as a whole, were confusing, misleading and prejudicial."

4

*Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 787 (6th Cir. 2003). Plaintiffs' argument as to improper jury instructions is based on four perceived errors in the jury instructions: (1) that the Court improperly included the payment of social security taxes by an employer as a fact that could be considered in the jury's analysis under the FLSA; (2) that the Court "improperly inject[ed] language concerning the existence of a business name or listing" as another fact that the jury could consider in their analysis; (3) the "industry standard" instruction was included in error; and (4) that Plaintiffs were the only party that submitted jury instructions to the Court before trial, and therefore the Court was bound to use their instructions without modification. None of Plaintiffs arguments are persuasive.

It is undisputed that the Court included all six factors the Sixth Circuit articulated in *LeMaster* when considering whether an individual or entity is an employee or independent contractor under the FLSA. Plaintiffs first two objections complain about essentially explanatory language included within the instructions—(1) a sentence noting that payment of social security taxes by an entity can evidence an employer-employee relationship, and (2) that employees generally do not have their own business cards or listings. These explanatory phrases are not only consistent with Sixth Circuit case law, but are also taken almost verbatim from a model jury instruction *Plaintiffs* originally proposed to be submitted to the jury. KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS §175.30 (5th ed. 2001).[2] The phrases served to explain certain facts that may inform the jury's decision, but in no way were they presented in the instructions as

---

[2] Plaintiffs included model instruction § 175.30 in their proposed instructions (docket #154, at 13), but eliminated the language that they object to in their motion for a new trial. Plaintiffs provided no legally cognizable basis to remove these portions of the model instruction while cherry-picking explanatory phrases favorable to their own position.

dispositive facts. Inclusion of these phrases does not warrant a new trial.

Similarly, the Court's inclusion of the industry standard in the jury instructions was also proper. The instruction provided, in relevant part:

> If you determine an industry standard existed in defendants' industry, you may consider the industry standard when making a determination on the issue of willfulness. *You may not consider the industry standard when determining whether plaintiffs were employees or independent contractors of defendants under the Fair Labor Standards Act.* Even if an entire industry pays certain workers as independent contractors, if these workers are really functioning as employees under the economic realities test of the Fair Labor Standards Act, then the requirements of the Fair Labor Standards Act, including overtime, apply.

(emphasis added). Evidence regarding an "industry standard" was presented during trial. This instruction expressly stated both how the jury could use the evidence in its inquiry, as well as uses that were expressly prohibited. There is simply no evidence that the instruction was misleading, confusing, or prejudicial to either party. If anything, the instruction helped prevent confusion, as it clearly enumerated what evidence the jury could use and what it could not use when determining if Defendants were employers under the FLSA. Moreover, no party objected to it.

Plaintiffs final argument—that they were the only parties to submit jury instructions, and that their instructions must therefore be used whole-cloth—is without merit. In the first place, its factually wrong. Defendants submitted proposed jury instructions on August 31, 2011 (docket #160), the same day Plaintiffs filed their proposed instructions with the Court. The Court considered both sets of instructions and also reviewed the controlling Sixth Circuit law and other relevant legal authority. After conducting this thorough review, a set of instructions was assembled and provided to the parties. Before the instructions were submitted to the jury, the parties were free to lodge objections on the record, which the Court addressed. Moreover, the legal premise of the argument

is wrong. The Court was under no obligation to use Plaintiffs' instructions. Rather, the Court was obligated to provide instructions to the jury that accurately reflected the law in this Circuit. This is what the Court did.

### C. Plaintiffs' Objections to Defense Counsel's Arguments and Case Presentation

Finally, Plaintiffs provide a laundry list of objections relating to arguments and comments defense counsel made during trial, concluding that the conduct "added to the prejudice that collectively warrants granting a new trial in this case." (docket # 186.) This "shotgun objection" does not support Plaintiffs' request for a new trial. As a preliminary matter, Plaintiffs did not object to the majority of these arguments when they were made at trial. Plaintiffs therefore cannot rely on these alleged issues now as a basis for their requested relief. *See Clemens v. Wheeling & Lake Erie R.R.*, 99 Fed. App'x 621, 626 (6th Cir. 2004). Moreover, much of the conduct Plaintiffs complain about in their brief was permissible advocacy on the part of defense counsel, such as drawing analogies during closing arguments and talking about "the deal" during cross examination and closings as a means for referring to the contracts between Plaintiffs and Defendants. In sum, after reviewing Plaintiffs' list of objections in detail, the Court is unpersuaded that any of these items—either in isolation or in combination—are a proper basis for a new trial. Moreover, even if one or more of the comments or arguments exceeded the bounds of fair advocacy, they were not so inflammatory or prejudicial that they effectively flipped the outcome of the case. *See Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 514 (6th Cir. 1998) ("Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the [exclusion or admission of the] evidence would have a caused a different outcome at trial.") Plaintiffs motion for a new trial is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:   December 14, 2011              /s/Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE